1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT
9                    SOUTHERN DISTRICT OF CALIFORNIA
10

11   PAUL PIMENTEL                      Case No.: 19-CV-112-AJB(WVG)
12                        Plaintiff,
                                        **REPORT AND**
13   v.                                 **RECOMMENDATION ON CROSS-**
                                        **MOTIONS FOR SUMMARY**
14   ANDREW SAUL, Commissioner of       **JUDGMENT**
     Social Security,
15
                         Defendant.     **[Doc. Nos. 19, 20.]**
16
17

18        This is an action for judicial review of a decision by the Commissioner of Social

19   Security, Andrew Saul ("the Commissioner"), denying Plaintiff Paul Pimentel

20   supplemental security income ("SSI") benefits under Title XVI of the Social Security Act

21   (the "Act") and Social Security Disability Insurance under Title II of the Act. The parties

22   have filed cross-motions for summary judgment, and the matter is before the undersigned

23   Magistrate Judge for preparation of a Report and Recommendation. For the reasons stated

24   below, the Court RECOMMENDS that Plaintiff's motion for summary judgment be

25   DENIED and Defendant's cross-motion for summary judgment be GRANTED.

26             **I.    OVERVIEW OF SOCIAL SECURITY CLAIM PROCEEDINGS**

27        Pursuant to the Social Security Act, the Social Security Administration ("SSA")

28   administers the SSI program. 42 U.S.C. § 901. The Act authorizes the SSA to create a

system by which it determines who is entitled to benefits and by which unsuccessful claimants may obtain review of adverse determinations. *Id.* §§ 423 *et seq.* Defendant, as Acting Commissioner of the SSA, is responsible for the Act's administration. *Id.* § 902(a)(4), (b)(4).

## A.     The SSA's Sequential Five-Step Process

The SSA employs a sequential five-step evaluation to determine whether a claimant is eligible for benefits. 20 C.F.R. §§ 416.920, 404.1520. To qualify for disability benefits under the Act, a claimant must show that (1) he or she suffers from a medically-determinable impairment[1] that can be expected to result in death or that has lasted or can be expected to last for a continuous period of twelve months or more and (2) the impairment renders the claimant incapable of performing the work that he or she previously performed or any other substantially gainful employment that exists in the national economy. *See* 42 U.S.C. §§ 423(d)(1)(A), (2)(A); 1382(c)(3)(A).

A claimant must meet both of these requirements to qualify as "disabled" under the Act, *id.* § 423(d)(1)(A), (2)(A), and bears the burden of proving that he or she "either was permanently disabled or subject to a condition which became so severe as to create a disability prior to the date upon which [his or] her disability insured status expired." *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995). An administrative law judge ("ALJ") presides over the five-step process to determine disability. *See Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003) (summarizing the five-step process). If the Commissioner finds that a claimant is disabled or not disabled at any step in this process, the review process is terminated at that step. *Corrao v. Shalala*, 20 F.3d 943, 946 (9th Cir. 1994).

---

[1] A medically-determinable physical or mental impairment "is an impairment that results from anatomical, physiological, or psychological abnormalities, which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Step one in the sequential evaluation considers a claimant's "work activity, if any." 20 C.F.R. § 404.1520(a)(4)(i). An ALJ will deny a claimant disability benefits if the claimant is engaged in "substantial gainful activity." *Id.* §§ 404.1520(b), 416.920(b).

If a claimant cannot provide proof of gainful work activity, the ALJ proceeds to step two to ascertain whether the claimant has a medically severe impairment or combination of impairments. The so-called "severity regulation" dictates the course of this analysis. *Id.* §§ 404.1520(c), 416.920(c); *see also Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987).

An ALJ will deny a claimant's disability claim if the ALJ does not find that a claimant suffers from a severe impairment or combination of impairments which significantly limits the claimant's physical or mental ability to do "basic work activities." 20 C.F.R. § 404.1520(c). The ability to do "basic work activities" means "the abilities and aptitudes necessary to do most jobs." *Id.* §§ 404.1521(b), 416.921(b).

However, if the impairment is severe, the evaluation proceeds to step three. At step three, the ALJ determines whether the impairment is equivalent to one of several listed impairments that the SSA acknowledges are so severe as to preclude substantial gainful activity. *Id.* §§ 404.1520(d), 416.920(d). An ALJ conclusively presumes a claimant is disabled so long as the impairment meets or equals one of the listed impairments. *Id.* § 404.1520(d).

If the ALJ does not deem a claimant disabled—but before formally proceeding to step four—the ALJ must establish the claimant's Residual Functional Capacity ("RFC"). *Id.* §§ 404.1520(e), 404.1545(a). An individual's RFC is his or her ability to do physical and mental work activities on a sustained basis despite limitations from his or her impairments. *Id.* §§ 404.945(a)(1), 404.1545(a)(1). The RFC analysis considers "whether [the claimant's] impairment(s), and any related symptoms, such as pain, may cause physical and mental limitations that affect what [the claimant] can do in a work setting." *Id.* §§ 404.1545(a)(1), 416.945(a)(1). In establishing a claimant's RFC, the ALJ must assess relevant medical and other evidence, as well as consider all of the claimant's impairments, including impairments categorized as non-severe. *Id.* § 404.1545(a)(3), (e).

3

If an ALJ does not conclusively determine a claimant's impairment or combination of impairments is disabling at step three, the evaluation advances to step four.

At step four, the ALJ uses the claimant's RFC to determine whether the claimant has the ability to perform the requirements of his or her past relevant work. *Id.* § 404.1520(f). So long as a claimant has the RFC to carry out his or her past relevant work, the claimant is not disabled. *Id.* § 404.1560(b)(3). Conversely, if the claimant either cannot perform or does not have any past relevant work, the analysis presses onward.

At the fifth and final step of the SSA's evaluation, the ALJ must verify whether the claimant is able to do *any* other work in light of his or her RFC, age, education, and work experience. *Id.* § 404.1520(g). If the claimant is able to do other work, the claimant is not disabled. However, if the claimant is not able to do other work and meets the duration requirement, the claimant is disabled. *Id.* Although the claimant generally continues to have the burden of proving disability at step five, a limited burden of going forward with the evidence shifts to the SSA. At this stage, the SSA must present evidence demonstrating that other work that the claimant can perform—allowing for his RFC, age, education, and work experience—exists in significant numbers in the national economy. *Id.* §§ 404.1520, 1560(c), 416.920, 404.1512(f).

## B.    SSA Hearings and Appeals Process

In accordance with Defendant's delegation, the Office of Disability Adjudication and Review administers a nationwide hearings and appeals program. SSA regulations provide for a four-step process for administrative review of a claimant's application for disability payments. *See id.* §§ 416.1400, 404.900. Once the SSA makes an initial determination, three more levels of appeal exist: (1) reconsideration, (2) hearing by an ALJ, and (3) review by the Appeals Council. *See id.* §§ 416.1400, 404.900. If the claimant is not satisfied with the decision at any step of the process, the claimant has sixty days to seek administrative review. *See id.* §§ 404.933, 416.1433. If the claimant does not request review, the decision becomes the SSA's—and hence Defendant's—binding and final decree. *See id.* §§ 404.905, 416.1405.

4

A network of SSA field offices and state disability determination services initially process applications for disability benefits. The processing begins when a claimant completes both an application and an adult disability report and submits those documents to one of the SSA's field offices. If the SSA denies the claim, the claimant is entitled to a hearing before an ALJ in the SSA's Office of Disability Adjudication and Review. *Id.* §§ 404.929, 416.1429. A hearing before an ALJ is informal and non-adversarial. *Id.* § 404.900(b).

If the claimant receives an unfavorable decision by an ALJ, the claimant may request review by the Appeals Council. *Id.* §§ 404.967, 416.1467. The Appeals Council will grant, deny, dismiss, or remand a claimant's request. *Id.* §§ 416.1479, 404.979. If a claimant disagrees with the Appeals Council's decision or the Appeals Council declines to review the claim, the claimant may seek judicial review in a federal district court. *See id.* §§ 404.981, 416.1481. If a district court remands the claim, the claim is sent to the Appeals Council, which may either make a decision or refer the matter to another ALJ. *Id.* § 404.983.

## II. BACKGROUND

### A. Procedural History

Plaintiff appeals the denial of his May 27, 2015 application for Supplemental Security Income under Title XVI of the Social Security Act. (AR 62, 224-29.) The Commissioner denied the application initially and on reconsideration. (AR 79-83, 92-96.) Plaintiff then requested a hearing before an administrative law judge, and the ALJ heard Plaintiff's case on January 25, 2018. (AR 30, 100-01.) Plaintiff, his attorney, and a vocational expert appeared, and Plaintiff and the vocational expert testified. (AR 30-31.) On March 19, 2018, the ALJ found Plaintiff was not disabled under the Act. (AR 15-23.) On November 15, 2018, the Appeals Council declined further review, and the ALJ's decision became final. (AR 1-3.) Plaintiff now seeks review of the Commissioner's final decision.

**B.      Plaintiff's Testimony**

Plaintiff testified at his administrative hearing that he served in the United States Navy as a corpsman and was discharged medically due to a personality disorder. (AR 34-35.) He testified he could not work because he could not pay attention, and he felt this was his biggest impairment preventing him from working. (AR 39.) Plaintiff testified he did not walk much due to pain in his left knee and back. (AR 40-41.) Pimentel's back problems began in the military, and he has taken medications and been to physical therapy to treat the pain. (AR 46.) He claimed he had been scheduled for back surgery. (AR 46.) Plaintiff made trips to the grocery store four times a month for about 20 minutes. (AR 261.) Plaintiff testified he spent his days on the computer. (AR 41-42.) He could walk for about 30 minutes and claimed side effects from his medication of numbness in his hands, irritability, pacing, and eating problems. (AR 46.) He received mental health treatment about once a week. (AR 46.)

**C.      The ALJ's Findings**

At step one, the ALJ found Plaintiff did not engage in substantial gainful activity since his May 27, 2015 application date. (AR 17.) At step two, the ALJ found severe impairments of degenerative disc disease and bipolar disorder. (AR 17.) At step three, the ALJ found Plaintiff did not meet an impairment listed in 20 C.F.R. section 404 Subpart P, Appendix 1. (AR 17-19.) Prior to step four, the ALJ found Plaintiff had the residual functional capacity (RFC) to perform medium work with the following limitations: he could lift 25 pounds frequently and 50 pounds occasionally; stand and/or walk six hours in an eight-hour workday; sit for six hours in an eight-hour workday; and perform only simple, routine tasks. (AR 18.) At step four, the ALJ found Plaintiff could not perform his past relevant work. (AR 21.) At step five, relying on vocational expert testimony, the ALJ found Plaintiff could perform jobs existing in significant numbers in the national economy. (AR 22, 44-45.)

/ / /

/ / /

19-CV-112-AJB(WVG)

### III. STANDARD OF REVIEW

A district court will not disturb the Commissioner's decision unless it is based on legal error or not supported by substantial evidence. *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). Substantial evidence means more than a scintilla, but less than a preponderance. *Id.* Substantial evidence is evidence that a reasonable mind would consider adequate to support a conclusion. *Id.* The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). If the evidence is subject to more than one rational interpretation, the ALJ's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

### IV. DISCUSSION

The sole question in this case is whether the ALJ properly discounted Plaintiff's subjective complaints of disabling impairments. If, as Plaintiff contends, the ALJ did not provide sufficient reasons for doing so, then Plaintiff may be entitled to benefits or at least another hearing. Having reviewed the parties' arguments and the administrative record, this Court finds Defendant's argument most accurate and persuasive for several reasons.

First, Defendant correctly contends that the medical evidence contradicts Plaintiff's subjective complaints of disabling limitations. Although Plaintiff contends he cannot work any job, Dr. Seung Lim examined him in September 2015 and performed a thorough evaluation of his physical functional abilities. Although Plaintiff complained of back pain, had diabetes, and was overweight, his health was otherwise unremarkable. Dr. Lim's physical assessment of Plaintiff showed he was well-developed and appeared to be in no acute distress; had a normal gait and balance; had normal muscle bulk and tone; had full ranges of motion in the spine and joints; full strength in his bilateral extremities (not including his grip), without focal motor deficits; intact reflexes and sensation in the bilateral upper and lower extremities; and had no evidence of atrophy, edema, clubbing, cyanosis, warmth, crepitus, or pain. (AR 20, 435-36; *see also* 392 (full strength in bilateral upper and lower extremities, including grip), 398 ("good" range of motion), 440 (normal

gait and posture), 524 (full strength in bilateral upper and lower extremities, full ranges of motion), 585 (normal gait).) Thus, the ALJ reasonably found that the medical evidence did not support disabling functional limitations and supported the restricted range of work in Plaintiff's RFC.

Second, the medical *opinion* evidence also contradicts Plaintiff's claim of disabling limitation. As an initial matter, the record does not contain much in terms of opinion evidence. The little it does contain contradicts Plaintiff's claims. Dr. Lim found Plaintiff had some limitations that would nonetheless allow him to work certain jobs. (AR 434-37.) Although the doctor found Plaintiff had high blood pressure and diabetes, the doctor concluded that:

> Based on available medical information, the patient, in my opinion, is restricted to standing and/or walking about 6 hours in an eight-hour workday with appropriate breaks. The patient would be able to sit for 6 hours in an eight-hour workday with appropriate breaks. The patient would be able to lift and/or carry 50 pounds occasionally and 25 pounds frequently. Pushing, pulling, and overhead reaching is unlimited other than as shown for lifting and/or carrying. The patient has no other impairment related physical limitations.

(AR 437.) This opinion contradicts Plaintiff's contention of totally disabling limitations. He can work; he just has limitations on the type of work he can perform. Dr. Lim's opinion is the only such assessment in the record, supports the ALJ's RFC assessment, and is supported by the record as a whole. The record does not support Plaintiff's subjective claims of total disability, and he has not identified any medical opinion in the record that contradicts Dr. Lim's opinion or support his claims.

Third, Defendant contends the ALJ properly found Plaintiff's treatment history was not consistent with the disabling degree of limitations Plaintiff alleged. An ALJ may consider conservative treatment in evaluating subjective symptom allegations. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). Although there is mention in the record about referring Plaintiff for a surgery consultation, the record does not contain evidence of the consultation, its results, or that Plaintiff underwent or was scheduled to undergo surgery

1  (other than Plaintiff's own unsupported claim at the hearing that he was scheduled for

2  surgery). The record does not contain the type of treatment history one would expect for

3  someone with disabling back pain so serious that he would need surgery. For example,

4  Defendant is correct that Plaintiff's medication history is unremarkable. And the record

5  does not contain treatment or consultation reports related to Plaintiff's back issues. Thus,

6  the ALJ reasonably found that Plaintiff's treatment history did not support disabling

7  limitations and supported Plaintiff's RFC.

8  Although the record does contain one MRI scan report that apparently shows

9  Plaintiff has degenerative disc disease and a disc bulge, Defendant is correct that this

10  evidence goes to diagnosis rather than constituting an evaluation of Plaintiff's functional

11  abilities in light of the scan. In any event, Dr. Lim's findings—which Plaintiff does not

12  challenge—that Plaintiff retains intact strength, full ranges of motion, normal gait, and

13  intact reflexes and sensations contradicts the claim that his back issues were disabling.

14  Thus, while the record does not contain evidence of disabling back issues, it does contain

15  evidence to the contrary.

16  Finally, Plaintiff's contention that his course of treatment was not routine is

17  unpersuasive. He contends he received epidural injections and had surgery schedules, but

18  the record contains no medical documentation of him receiving injections or being

19  scheduled for surgery. The only references to these in the record is from Plaintiff himself,

20  but none of the medical records support these representations.

21  Based on the foregoing, the ALJ provided sufficient reasoning for discounting

22  Plaintiff's subjective claims of disabling limitations and did not err in doing so.

23  **A.    Plaintiff is Not Entitled to Summary Judgment**

24  Based on the foregoing recommendation that Defendant's Cross-MSJ be

25  GRANTED, this Court necessarily recommends that Plaintiff's MSJ be DENIED.

26  **V.    CONCLUSION**

27  This Court RECOMMENDS that Plaintiff's MSJ be DENIED and that Defendant's

28  Cross-MSJ be GRANTED.

19-CV-112-AJB(WVG)

1         This Report and Recommendation is submitted to the United States District Judge

2    assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Federal Rule

3    of Civil Procedure 72(b).

4         IT IS ORDERED that **no later than February 26, 2020**, any party to this action

5    may file written objections with the Court and serve a copy on all parties. The document

6    shall be captioned "Objections to Report and Recommendation."

7         IT IS FURTHER ORDERED that any reply to the objections shall be filed with the

8    Court and served on all parties **no later than March 4, 2020**. The parties are advised that

9    failure to file objections within the specified time may waive the right to raise those

10   objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

11   **IT IS SO ORDERED.**

12   DATED: February 11, 2020

13

14                                                Hon. William V. Gallo

15                                                United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28